UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                   :
UNITED STATES OF AMERICA
                                                                   :    CONSENT PRELIMINARY ORDER
        - v. -                                                          OF FORFEITURE/
                                                                   :    MONEY JUDGMENT
FRANK FILIMAUA,
                                                                   :    22 Cr. 261
                Defendant.
                                                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 26, 2022, FRANK FILIMAUA (the "Defendant"),

was charged in Information, 22 Cr. 261 (JMF) (the "Information"), with conspiracy to commit

wire fraud and honest services fraud, in violation of 18 U.S.C. § 1349 (Count One); honest services

wire fraud, in violation of 18 U.S.C. § 1346 and 2 (Count Two); wire fraud, in violation of 18

U.S.C. § 1343 and 2 (Count Three); conspiracy to commit money laundering, in violation of 18

U.S.C. § 1956(h) (Count Four); and tax evasion, in violation of 26 U.S.C. § 7201 (Count Five);

WHEREAS, the Information included a forfeiture allegation as to Counts One

through Three of the Information, seeking forfeiture to the United States, pursuant to Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of

any and all property, real and personal, that constitutes or is derived from proceeds traceable to the

offenses charged in Counts One through Three of the Information, including but not limited to a

sum of money in United States currency representing the amount of proceeds traceable to the

commission of the wire fraud and honest services wire fraud offenses charged in Counts One

through Three of the Information;

WHEREAS, the Information included a second forfeiture allegation as to Count

Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States

Code, Section 982(a)(1), of any and all property, real and personal, involved in the money

laundering offense charged in Count Four of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the money laundering offense charged in Count Four of the Information;

WHEREAS, on or about April 26, 2022, the Defendant pled guilty to Counts One through Five the Information, pursuant to a cooperation agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), a sum of money representing proceeds traceable to the commission of the wire fraud and honest services wire fraud offenses charged in Counts One through Three of the Information, and the property involved in the money laundering offense charged in Count Four of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $5,906,725.67 in United States currency, representing the amount of proceeds traceable to Counts One through Three of the Information that the Defendant personally obtained, and the property involved in Count Four of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to Counts One through Three of the Information that the Defendant personally obtained, and the property involved in Count Four of the Information, cannot be located upon the exercise of due diligence, with the exception of the Specific Property.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United

States Attorneys Kevin B. Mead, Qais Ghafary, and Danielle M. Kudla, of counsel, and the Defendant and his counsel, Jonathan Rosen, Esq., that:

    1.    As a result of the offenses charged in Counts One through Four of the Information, to which the Defendant pled guilty, a money judgment in the amount of $5,906,725.67 in United States currency (the "Money Judgment"), representing the amount of the proceeds traceable to Counts One through Three of the Information that the Defendant personally obtained, and the property involved in Count Four of the Information, shall be entered against the Defendant.

    2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant FRANK FILIMAUA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

    3.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

    4.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

    5.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York


By:    /s/ _____          3/16/2025
       Kevin Mead                                     DATE
       Qais Ghafary
       Danielle M. Kudla
       Assistant United States Attorneys
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2211/1930/2304


FRANK FILIMAUA


By:    _____               3/17/2025

       FRANK FILIMAUA                                  DATE


By:    _____               3/20/25
       Jonathan Rosen, Esq.                            DATE
       Potomac Law Group

SO ORDERED:

       _____               4/9/25

HONORABLE JESSE M. FURMAN                              DATE
UNITED STATES DISTRICT JUDGE